[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have filed a motion to strike the special defense of comparative negligence to the first and second counts of the complaint. The first count is a claim by the plaintiff, Esther Paproski, for negligence against the CT Page 6555 defendant. The named plaintiff was a passenger in a car operated by her husband, James Paproski, which collided with the defendant's automobile. The plaintiff, James Paproski, has not brought a negligence action for personal injuries or property damage against the defendant, but claims loss of consortium in the second count of the complaint as the result of the injuries received to his wife. The plaintiffs have moved to strike the special defense of comparative negligence on the ground that it is not a valid defense to a negligence claim by a passenger as alleged in the first count, or a valid defense to a loss of consortium claim as alleged in the second count, even though James Paproski was the driver of one of the automobiles involved in the accident. The defendant claims that this is a valid special defense since the trier can consider the extent of James Paproski's negligence at the time of trial pursuant to section 52-572h
of the General Statutes.
The defendant contends that section 167 of the Connecticut Practice Book requires him to plead contributory negligence if it is relied upon as a defense. As discussed below, it does not have to be pleaded as a special defense in order for a defendant to reduce his proportionate share of damages to the plaintiff at trial under section 52-572h.
The initial question is whether contributory negligence can be a special defense to either the first or second counts of the complaint. A special defense is used only to allege facts which are consistent with the allegations of the complaint but which show that the plaintiff has no cause of action. Section 164 of the Connecticut Practice Book. "The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it," Silverman v. Silverman, 145 Conn. 663,668, at least in the absence of any evidence that the passenger had anything to do with the operation of the car or controlled the conduct of the operator. The special defenses refer only to the conduct of James Paproski, and make no claims as of the conduct of the named plaintiff as a passenger. Accordingly, contributory negligence is not a special defense to the first count.
Contributory negligence would be a valid defense if James Paproski brought a negligence action directly against the defendant. The second count of the complaint, however, is only for loss of consortium. A claim for loss of consortium is derivative from the injured spouse's cause of action and is inextricably attached to the claim of the injured spouse. Sanzone v. Board of Police Commissioners,219 Conn. 179, 199; Champagne v. Raybestos-Manhattan, Inc., CT Page 6556212 Conn. 509, 563, 564; Izzo v. Colonial Penn Ins. Co.,203 Conn. 305, 312. While the loss of consortium claim is reduced proportionately by the percentage of comparative negligence of the injured spouse, Champagne v. Raybestos-Manhattan Inc., supra, 563, 564, the comparative negligence if any of the loss of consortium claimant does not bar or reduce the amount of recoverable damages. Since loss of consortium is a derivative cause of action, only the negligence of the injured party spouse is relevant. The special defense here only alleges negligence of the husband-driver so it is not a valid defense to his claim based solely on loss of contortium.
Since the claim arises out of an automobile accident on June 26, 1988, it is governed by section 52-572h as amended by Public Act 87-227, Sec. 3 (Tort Reform II). The statute allows the defendant to have the negligence of all parties considered in determining the extent of liability of the defendant to the plaintiffs. Section 52-572h(c) provides in part that each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the "recoverable" damages. The trier is required to determine "the percentage of negligence that proximately caused the injury . . . in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury . . . ." Section 52-572h(f)(4) of the Connecticut General statutes. Since James Paproski is already a party in this action it is not necessary to implead him as a defendant in order to determine the degree of negligence attributable to him. The trier is required to give suitable instructions to the jury under subsections (e) and (f) of the statute. There is no provision requiring as a prerequisite for such instructions that a claim of comparative negligence be made in a special defense. Under the facts of this case with the existing parties, the trier can determine the percentages of negligence of both the defendant and James Paproski. The named plaintiff as a passenger would recover under the first count the percentage of her damages proximately caused by the negligence of the defendant, which would be the total damages less the percentage attributable to the negligence of her husband. James Paproski would recover a similar percentage of his damages for loss of consortium under the second count since his recovery is derivative from his wife's negligence claim. Champagne v. Raybestos-Manhattan, Inc., supra. The special defense to both counts is irrelevant to the outcome of the case since the defendant will pay only his proportionate share of damages. Section 52-572h(c) of the Connecticut General Statutes. As previously discussed, contributory negligence is not a legal defense to the claims CT Page 6557 under either count, and does not have to be pleaded here for the mandatory findings under the statute.
Accordingly, the motion to strike the special defense to both counts is granted.
Robert A. Fuller, Judge